# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| XIN CHEN <br>   Wake Forest, NC 27587 <br>               Plaintiff(s) <br> <br>            v. <br> <br> KRISTI NOEM, in her official capacity, <br> Secretary, U.S. Department of Homeland Security; <br> KIKA SCOTT, in her official capacity, <br> Director, U.S. Citizenship and Immigration Services; <br>     2707 Martin Luther King Jr. Ave, SE <br>     Washington, DC 20528-0485 <br> <br> PAM BONDI, Attorney General, Office of Attorney General U.S. Department of Justice; <br>     950 Pennsylvania Avenue, NW <br>     Washington, DC 20530-0001 <br> Defendant(s). | Civil Action No. 1:25-cv-1668 |

## **PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

1

# INTRODUCTION

COMES NOW XIN CHEN (hereinafter "Plaintiff CHEN" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. On August 22, 2023, Plaintiff CHEN filed Form I-751, Petition for Removal of Conditions (hereinafter "Petition" or collectively "respective Forms").) with USCIS wherein she requested the removal of the conditions on her green card, which was received through her marriage to a U.S. citizen.[1] On September 7, 2024, Plaintiff CHEN filed Form N-400, Application for Naturalization (hereinafter "Application" or collectively "respective Forms").

2. This action is brought as a result of Defendants' failure to adjudicate Plaintiff CHEN's Form I-751, Petition to Remove Conditions on Residence and Form N-400, Application for Naturalization within a reasonable period of time. The Form I-751 has been in pending status for a period of over one year and nine months (over 21 months or 640 days) while Plaintiff's Form N-400 Application has been in pending status for a total period total period of over eight months (258 days) since the date Plaintiff CHEN filed her Application online with USCIS. The Plaintiff has a clear right to adjudication of her respective Forms within a timely manner.

3. In accordance with 8 CFR 1216.4(b)(1), Defendants must take action on the Form I-751 by adjudicating and making a decision on the Plaintiff's Form within 90-days. As of this date, which is over one year and nine months (over 21 months or 640 days) since the filing of the Form I-751, USCIS has not adjudicated Plaintiff's Form I-751 within the requisite 90-day timeframe.

---

[1] "Within the 90-day period immediately preceding the second anniversary of the date on which the alien obtained permanent residence, the alien and the alien's spouse who filed the original immigrant visa petition or fiancé/fiancée petition through which the alien obtained permanent residence must file a Petition to Remove the Conditions on Residence (Form I-751) with the Service… If the joint petition cannot be filed due to the termination of the marriage through annulment, divorce, or the death of the petitioning spouse, or if the petitioning spouse refuses to join in the filing of the petition, the conditional permanent resident may apply for a waiver of the requirement to file the joint petition in accordance with the provisions of § 1216.5 of this part." *See* 8 CFR 1216.4(a)(1)

4. The Form I-751 has been in pending status since August 22, 2023, for a period of over one year and nine months (over 201months or 640 days). This period is over seven times the maximum period (90 days) within which USCIS must adjudicate Form I-751.

5. Historically, between 2020 and 2023, USCIS completed the adjudication of Form I-751 within an average of 16 months across all service centers. Plaintiff CHEN's Form I-751 has been pending for one year and nine months (over 21 months or 640 days), which is more than the 16 month historical average processing time for similarly filed petitions.[2]

6. At the time of this filing, it has now been over one year and nine months (over 21 months or 640 days) since the filing of her Form I-751 and over eight months (258 days) since the filing of her Form N-400.

7. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2024 of 5 months for the adjudication of Form N-400. Plaintiff CHEN's Form N-400 has been pending for over eight months (258 days), which is over one and a half times the historical average processing time as reported by USCIS for similarly filed petitions.[3]

8. Plaintiff CHEN has a clear right to adjudication of her Form I-751 and Form N-400 within a timely manner. The final adjudication of Plaintiff's respective Forms is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

[3] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

9.  Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on Plaintiff's respective Forms.

10. Furthermore, the delay in making a decision on Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

11. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Plaintiff's respective Forms as most, if not all, USCIS Field Offices have resumed normal operations. As such, COVID-19 related issues do not prohibit an officer from completing the adjudication of Plaintiff's respective Forms.

12. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on Plaintiff CHEN's respective Forms.

## PARTIES

13. Plaintiff XIN CHEN is a national of China and for purposes of the instant action she is a resident of Wake County, North Carolina. She is the Petitioner of a pending Form I-751, Petition for Removal of Conditions (IOE0922056330) and also the Applicant of a properly filed Form N-400, Application for Naturalization (IOE9633070677) with United States Citizenship and Immigration Services (hereinafter "USCIS").

14. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

15.     Defendant KIKA SCOTT is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

16.     Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

18.     Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

19.     Plaintiff CHEN has exhausted her administrative remedies. The Plaintiff has supplied USCIS with documents that establish her eligibility for the approval of her Form I-751 and Form N-400.

20.     There are no further administrative remedies available for Plaintiff CHEN to utilize.

## FACTUAL ALLEGATIONS

21. On August 22, 2023, Plaintiff CHEN properly, timely, and completely filed Form I-751, Petition for Removal of Conditions (Receipt# IOE0922056330) with USCIS.  **[EXHIBIT A].**

22. On September 1, 2023, Plaintiff XIN received a notice from USCIS informing her that USCIS would be able to reuse her previously captured fingerprints and other biometrics. As such she would not be required to appear at a designated USCIS Application Support Center in connection with her Form I-751. **[EXHIBIT B].**

23. On September 7, 2024, Plaintiff CHEN properly filed and paid the requisite fee in the amount of $725 for, Form N-400, Application for Naturalization with the United States Citizenship and Immigration Service ("USCIS") [Receipt# IOE9633070677]. **[EXHIBIT C].**

24. On September 7, 2024, Plaintiff CHEN received a notice from USCIS informing her that USCIS would be able to reuse her previously captured fingerprints and other biometrics. As such she would not be required to appear at a designated USCIS Application Support Center in connection with her Form N-400. **[EXHIBIT D]**.

25. Plaintiff CHEN has not received any further correspondence or requests for additional information or evidence from USCIS.

26. Plaintiff's inquiries have not resulted in any meaningful response from USCIS.

27. Plaintiff's Form I-751 now continues to be pending with USCIS for one year and nine months (over 21 months or 640 days) since the filing of the Form I-751.

28. Plaintiff's Form N-400 now continues to be pending with USCIS for 258 days since the filing of the Form N-400.

29. Historically, between 2020 and 2023, USCIS completed the adjudication of Form I-751 Petitions within an average of 16 months across all service centers and field offices. Plaintiff CHEN's Form I-751 has been pending for one year and nine months (over 21 months or 640 days), which is more than the historical average processing time as reported by USCIS for similarly filed petitions. Furthermore, USCIS has published a historical average processing time of five months

for the adjudication of the Form N-400 Applications filed in 2024. Plaintiff's Form N-400 has now been pending for over eight months (258 days), without a final resolution.[4]

30. Notwithstanding the unreasonableness of the Agency's historical processing of similar filings, Plaintiff's respective Forms remains pending with USCIS for an unreasonable period of time, even by their own standards.

31. Defendants have refused to provide further explanation which would merit the need for over one year and nine months (over 21 months or 640 days) of processing time the Form I-751 and over 258 days of processing time for Form N-400.

32. Plaintiff has endured significant financial and emotional burdens as a result of the unreasonable period of time that Plaintiff CHEN's respective Forms have remained unadjudicated by USCIS.

33. As a result of Defendants' delay, Plaintiff CHEN has been unable to receive her unconditional, permanent resident status and has been deprived of the right to naturalize as a U.S. Citizen.

34. In effect, Plaintiff CHEN's life is on hold due to Defendants' inaction.

35. Moreover, Plaintiff CHEN has incurred significant attorney's fees, and without an adjudication of her respective Forms, her future in the U.S. remains uncertain.

## COUNT I

### VIOLATION OF THE APA - FORM I-751

36.     All prior paragraphs are re-alleged as if fully stated herein.

---

[4] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

37. Plaintiff CHEN has a statutory right to apply for removal of the conditions on her permanent residence by filing Form I-751, Petition for Removal of Conditions pursuant to INA §216 and 8 CFR 1216.4(c).

38. Defendants have a duty to adjudicate Plaintiff CHEN's Form I-751 Petition within a reasonable period of time under 5 U.S.C. §555(b).

39. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

40. No other adequate remedy is available to Plaintiff.

41. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff CHEN to adjudicate her Form I-751 and schedule her for her required interview.

42. Given the Defendants' lack of a reason for not completing the adjudication of Plaintiff CHEN's Petition for one year and nine months (over 21months or 640 days), Plaintiff's Petition has been pending with USCIS for an unreasonably long period of time.

43. Defendants have failed in their statutory duty to adjudicate the Plaintiff's Form I-751 within a reasonable period of time.

44. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff CHEN's Petition, and they have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff CHEN's case.

45. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or not otherwise in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff CHEN's Petition, thereby depriving Plaintiff of the rights to which she is entitled.

46. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Further, Plaintiff CHEN has been unable to receive her unconditional, permanent resident status and has been deprived of the opportunity to naturalize as a U.S. Citizen. In effect, Plaintiff's life is on hold due to Defendants' inaction.

## COUNT II

### VIOLATION OF THE APA- FORM N-400

47. All prior paragraphs are re-alleged as if fully stated herein.

48. Plaintiff CHEN has a statutory right to apply for and receive an adjudication of her Form N 400 Application pursuant to 8 U.S.C. § 1446 and § 1447(b).

49. Defendants have a duty to adjudicate Plaintiff CHEN's Application within a reasonable period of time under 5 U.S.C. §555(b).

50. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

51. Defendants have conducted an initial investigation and have sufficient information and documentation about Plaintiff to adjudicate her Application.

52. Given the Defendants' lack of a reason for not making a decision on Plaintiff CHEN's Application for over 258 days since the date of filing, Plaintiff CHEN's Application has been pending for an unreasonably long period of time.

53. A total period of 258 days has elapsed since the Plaintiff's Application was filed and no further information have been requested. Accordingly, Plaintiff CHEN's Application has necessarily been pending for an unreasonably long period of time.

54. Defendants have failed in their statutory duty to adjudicate Plaintiff CHEN's Application within a reasonable period of time.

55. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff CHEN's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff CHEN's case.

56. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff's Form N-400 Application, thereby depriving Plaintiff CHEN of the rights to which she is entitled.

57. In addition, as a result of this delay, Plaintiff CHEN has incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff has been denied her right to become a citizen of the United States and enjoy the benefits thereof.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's respective Forms.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's respective Forms immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  May 23, 2025                                         Respectfully submitted,

                                                             /s/ Sadaf F. Ahmed

**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Ste. 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*